```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF LOUISIANA


TONY D. BAPTISTE                                CIVIL ACTION

v.                                              NO. 18-9270

BP EXPLORATION & PRODUCTION, INC., ET AL.       SECTION "F"
```

ORDER AND REASONS

Before the Court is the defendants' motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

This case arises from Toney Baptiste's alleged exposure to harmful chemicals following the Deepwater Horizon oil spill.

Toney Baptiste claims he worked on the Deepwater Horizon spill response in Fourchon Beach, Louisiana from June 16, 2010 to September 15, 2010. He claims he primarily transported oil waste to disposal. Three years after his exposure to harmful chemicals, oil, and dispersants during the spill response work, he alleges that he developed chronic conjunctivitis, chronic sinusitis, and chronic pharyngitis.

This is a Back-End Litigation Option (BELO) lawsuit for Later Manifested Physical Conditions filed under the terms of the Medical Settlement Agreement (MSA) from the Deepwater Horizon Multi-District Litigation Number 2179. Through his attorney, Mr.

1

Baptiste, sued BP Exploration & Production Inc. and BP America Production Company, invoking this Court's diversity jurisdiction and alleging that, while he was a BP oil spill cleanup worker, he was exposed to oil, dispersants, and other harmful chemicals and that this exposure caused him to develop chronic conditions.  He alleges that he was first diagnosed with chronic conjunctivitis, sinusitis, and pharyngitis on September 23, 2013; he seeks to recover under federal and state law consistent with the terms of the MSA for all damages allowable.

   Like other BELO lawsuits, this matter was randomly allotted to this Section of Court.  A scheduling order issued selecting various deadlines including a June 8, 2020 jury trial date.  On June 28, 2019, Mr. Baptiste's counsel filed into the record a notice of compliance, indicating that he had produced certain discovery in compliance with an order compelling disclosure.  On February 4, 2020, the defendants moved to compel Mr. Baptiste's deposition.  Meanwhile, just a few days later, Mr. Baptiste's counsel moved to withdraw from representing him; the Court granted the motion a week later, ordering that the plaintiff must enroll new counsel within 14 days, or proceed *pro se* and remain obligated to comply with all Court deadlines.  No new counsel has enrolled for Mr. Baptiste. On March 20, 2020, the magistrate judge granted as unopposed the motion to compel Mr. Baptiste's deposition and

2

ordered that Mr. Baptiste appear for his deposition within 30 days. In addition to failing to appear for deposition or otherwise seeking relief from the Court, Mr. Baptiste has failed to designate any expert witnesses and has failed to provide any Rule 26 expert reports by the February 21, 2020 disclosure deadline.

The defendants now move for summary relief. Filed in early March 2020, the motion for summary judgment was initially set for hearing on April 1, 2020; however, when no response had been filed by the hearing date, the Court continued the hearing date on the motion for summary judgment until April 29, 2020 and noted:

> The deadline for the plaintiff to respond to the motion was March 24, 2020. The plaintiff, pro se, has failed to respond or indicate whether he opposes the dispositive motion. The Court will permit the plaintiff additional time to respond. Failure to respond may be construed as a failure to prosecute, which may result in dismissal of this case. IT IS ORDERED: that the hearing on the defendants' motion for summary judgment is hereby continued to April 29, 2020, on the papers. If the plaintiff opposes the motion, he must file an opposition paper not later than April 14, 2020. If the plaintiff fails to respond, the Court will resolve the motion without the benefit of any response. The plaintiff is advised that his case may be dismissed if he fails to respond or indicate that he wishes to pursue his case.

See Order dtd. 4/1/20. Twenty-eight days later, no response has been filed (or otherwise mailed to the courthouse for processing by the Court's Pro Se Desk). The Court now takes up the defendants' motion for summary judgment.

3

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with

4

conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007)(internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)("Unauthenticated documents are improper as summary judgment evidence.").

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

## II.

The BP Master Settlement Agreement resolved damages claims for certain individuals exposed to harmful chemicals as a result

of the oil spill.  As a class member who did not opt out of the BP Settlement Agreement, Mr. Baptiste filed this BELO complaint alleging a "later manifested physical condition" -- toxic chemical exposure injuries first diagnosed after April 16, 2012.  To succeed on his claims, Mr. Baptiste must prove (among other elements) that: (1) he was correctly diagnosed with his alleged physical conditions after April 16, 2012; and (2) his later-manifested conditions were legally caused by his exposure to harmful substances released as a result of the oil spill.  See Piacun, v. BP Expl. & Prod., Inc., No. 15-2963, 2016 WL 7187946, at * 4-5 (E.D. La. Dec. 12, 2016). Significantly, in a toxic torts case like this, the plaintiff must rely on expert testimony to prove his medical diagnosis and causation.  See, e.g., Seaman v. Seacor Marine LLC, 326 Fed.Appx. 721, 723 (5th Cir. 2009)(per curiam)(noting that admissible expert testimony is required to establish causation).  The minimal facts necessary to prove causation in a toxic torts case derived from general maritime law, which governs BELO lawsuits, are (1) scientific knowledge of the harmful level of exposure to a particular chemical; and (2) knowledge that the plaintiff was exposed to such quantities.  See id. (citing Allen v. Pa. Eng'g Corp., 102 F.3d 194, 199 (5th Cir. 1996)).

The defendants submit that summary relief in their favor is warranted because Mr. Baptiste has failed to present competent

expert evidence to prove legal causation.  The Court agrees.  There is no indication that Mr. Baptiste has retained an expert to offer testimony at trial related to his medical diagnoses or causation. See Fed. R. Civ. P. 26(a)(2)(B).  Nor is there an indication that he will present expert testimony from a non-retained treating physician.  See id. 26(a)(2)(C).  That he failed to provide any expert disclosures to support an element of a claim that requires expert testimony demonstrates that he cannot carry his burden of proof.

Absent expert testimony, Mr. Baptiste cannot meet his burden of proof on causation.  This conclusion is reinforced by the case literature.  At least four other Sections of this Court have held that BELO plaintiffs like Mr. Baptiste need not prove BP's fault, but they must prove legal causation; and expert testimony is required to meet that burden.  See, e.g., Rabalais v. BP Expl. & Prod., No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019)(Africk, J.); Banegas v. BP Expl. & Prod., No. 17-7429, 2019 WL 424683, at *2 (E.D. La. Feb. 4, 2019)(Vance, J.); Cibilic v. BP Expl. & Prod., No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017)(Milazzo, J.); Piacun v. BP Expl. & Prod., No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016)(Morgan, J.).

Simply put, BELO plaintiffs fail to prove legal causation where they fail to provide any expert disclosures to support their

7

claims requiring expert testimony.  The only evidence pertaining to Mr. Baptiste's medical conditions is a 2013 diagnostic form entitled "Examination Report" from Industrial Medicine Specialists, a health clinic in Jefferson Parish.  Mr. Baptiste produced this form in discovery.  The form provides diagnosis codes for Mr. Baptiste's conditions with the caveat that the codes were listed to convey the plaintiff's subjective complaints and "some may not have been readily apparent" on examination.  Notably absent from the Examination Report is any opinion that the diagnostic codes and corresponding subjective complaints were caused by exposure to any substances during the oil spill response work.  To be sure, a diagnostic report lacking a causation opinion or information necessary to develop a causation opinion is either incompetent summary judgment evidence, inadmissible under Federal Rule of Evidence 702, or otherwise falls short of the plaintiff's burden on legal causation.  See, e.g., Herrera v. BP Expl. & Prod., Inc., No. 18-8322, 2020 WL 1166983, at *2-3 (E.D. La. Mar. 11, 2020)(Vance, J.); Banegas, 2019 WL 424683, at *3; Escobar v. BP Expl. & Prod., No. 18-9170, 2019 WL 6877645, at *3 (E.D. La. Dec. 17, 2019).  Standing alone, this diagnostic report cannot defeat summary judgment.

There is no scientific evidence in the record demonstrating that Mr. Baptiste's physical ailments were caused by his exposure

to crude oil, dispersants, or other spill-related chemicals during his work in the cleanup effort. Mr. Baptiste has neither designated any expert witnesses nor provided any Rule 26 expert reports. Nor has he responded to the defendants' motion for summary judgment with any explanation or medical causation evidence. Failure to present any expert evidence on the essential element of legal causation warrants dismissal of the plaintiff's claims on summary judgment.

Accordingly, for the foregoing reasons, the defendants' unopposed motion for summary judgment is GRANTED, and the plaintiff's claims are DISMISSED with prejudice.

New Orleans, Louisiana, April 29, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE